# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 09-00015-01/02 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ZEKE ELDO TETTLETON, ETAL. | MAGISTRATE JUDGE HAYES |

**MEMORANDUM ORDER**

Before the Court is a Motion in Opposition to Transfer of Case from Monroe Division to Shreveport Division (Record Document 57) filed by defendant William H. Maxwell ("Maxwell"). Maxwell supplemented his motion on April 16, 2009. See Record Document 66. Defendants Zeke Eldo Tettleton and Franklin E. Hutson have adopted Maxwell's motion. See Record Documents 55, 59, and 70. The Government has filed its response to the motion. See Record Document 60.

This case was indicted on January 28, 2009 as a Monroe Division case because the alleged criminal activity occurred in Union Parish. On January 29, 2009, Judge James recused himself and the case was referred to the Chief Judge for reassignment. See Record Document 13. On February 3, 2009, the case was reassigned to the undersigned, who sits in the Shreveport Division. See Record Document 14. On March 4, 2009, Magistrate Judge Hayes issued a minute entry stating that she had conferred with Judge Hicks, and confirmed that the jury trial in this case would be held in Shreveport. See Record Document 48. On March 30, 2009, defendant Maxwell filed the instant Motion in Opposition to Transfer of Case from Monroe Division to Shreveport Division, which was adopted by his co-defendants. See Record Documents 55, 57, 59, 70.

The defendants object to the transfer of the trial to Shreveport, claiming that such transfer is inconvenient, cost prohibitive, and "unfair." Id. at ¶ 1. The defendants further

note that they have waived a speedy trial such that courtroom availability should not be the controlling factor supporting the transfer. See id. at ¶ 2; Record Document 66 at ¶ 8.

Conversely, the Government argues that the transfer of the trial to Shreveport is proper under Federal Rule of Criminal Procedure 18, but respectfully requests the Court to articulate reasons for the transfer. See Record Document 60 at 2, 7. Specifically, the Government notes that "trial of this matter by a Shreveport judge in Monroe would inevitably impact . . . Judge James' ability to utilize his own courtroom"; that trial of this matter Shreveport would allow Judge Hicks to handle other matters before and after trial and during the lunch recess, thus minimizing the impact on his docket; and that the inconvenience of a Shreveport trial to the defendants and witnesses is slight. Id. at 5-6.

Federal Rule of Criminal Procedure 18 governs the instant matter. Rule 18 provides:

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice.

F.R.Cr. P. 18. In setting the place of trial within the district, courts must balance the statutory factors of convenience with the prompt administration of justice. See In re Chesson, 897 F.2d 156, 159 (5th Cir. 1990); see generally U.S. v. Lipscomb, 299 F.3d 303, 340-348 (5th Cir. 2002). "In doing this balancing, the district court is vested with broad discretion." Chesson, 897 F.2d at 159.

Under Rule 18, the trial of the defendants must be held in the Western District of Louisiana. Yet, there is no constitutional right to trial in the Monroe Division and this Court must consider the convenience of the defendants, any victim, and the witnesses, and the

prompt administration of justice. Arguing in favor of trial in the Monroe Division,[1] the defendants note that they, and all witnesses, live in Union Parish and that trial in the Shreveport Division[2] would not only be inconvenient for the parties and witnesses, but also cost prohibitive when considering lodging, meals, transportation costs, and witness costs. See Record Document 57 at ¶ 1(A); Record Document 66 at ¶C(5). As to the prompt administration of justice factor, the defendants cite their waiver of a speedy trial and argue that courtroom availability should not be a controlling factor. See Record Document 57 at ¶ 2; Record Document 66 at ¶ C(8). The Government correctly notes that "[w]illingness of a defendant to waive Speedy Trial Act rights does not alter a court's duty to consider the prompt administration of justice as a factor." Chesson, 897 F.2d at 159. As to convenience, the Government further points out that Shreveport and Monroe are connected by I-20; the distance between the two cities can be easily traveled in less than two hours; and witnesses, who are for the most part located in Farmerville or Ruston, could easily be expected to drive back and forth to Shreveport as needed.[3]

The undersigned has reviewed the record and the briefs filed by the parties and has weighed the convenience of the defendants and the witnesses, and the prompt administration of justice. As to convenience, the Court finds that while Monroe might be more convenient than Shreveport, the inconvenience of a Shreveport trial to the

---

[1]The Monroe Division is comprised of twelve parishes: Caldwell, East Carroll, Franklin, Jackson, Lincoln, Madison, Morehouse, Ouachita, Richland, Tensas, Union, and West Carroll.

[2]The Shreveport Division is comprised of eight parishes: Bienville, Bossier, Caddo, Claiborne, DeSoto, Red River, Sabine, and Webster.

[3]The Government represents that Farmerville is 90 miles from Shreveport and 35 miles from Monroe and that Ruston is 68 miles from Shreveport and 36 miles from Monroe.

defendants and the witnesses is slight. As stated by the Government, the witnesses can travel back and forth to Shreveport as needed. The Court will accommodate the witnesses' travel schedules, varying its customary start and stop times if needed. The Court will also offer the defense assistance in securing favorable lodging rates in Shreveport. See Chesson, 897 F.2d at 158. Moreover, the Court finds that docket management necessitates that the jury trial in this matter be conducted in Shreveport. See Lipscomb, 299 F.3d at 342 -343 ("A district court may consider docket management in its Rule 18 balancing, and docket issues may even outweigh convenience factors that point entirely the other way."). This Court has other civil and criminal cases on the docket which will require attention during October 2009, the time period in which this matter is currently set for jury trial. The impact on the cases previously assigned to the Court's docket would be lessened by the undersigned's being available in Shreveport before court sessions, during recesses, and after court has adjourned. Finally, as to logistics, the undersigned notes that trial of this matter in Monroe by a Shreveport Division judge would undoubtedly impact Judge James' access to his own courtroom. See Lipscomb, 299 F.3d at 343 ("Courtroom availability . . . is a permissible consideration."). Thus, after balancing the statutory factors of convenience with the prompt administration of justice, the Court hereby transfers the October 26, 2009 jury trial in the instant matter to the Shreveport Division.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 8th day of May, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE